## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2152 PSG (VBKx) | Date | March 26, 2012 |
|---|---|---|---|
| Title | Compass Bank v. Alvira Khan, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order REMANDING case to state court**

On March 14, 2012, Defendant Alvira Khan ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Compass Bank ("Plaintiff"). *See* Dkt # 1. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question.

Defendant's notice of removal argues this Court has jurisdiction because of "[d]enial of due process in Unlawful Detainer." *Not.* 2:25. Under the well-pleaded complaint rule, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2152 PSG (VBKx) | Date | March 26, 2012 |
|---|---|---|---|
| Title | Compass Bank v. Alvira Khan, *et al.* | | |

defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co*., 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Defendants also argue that removal is proper under 28 U.S.C. § 1443. *See Not.* 2:24-25. To establish removal under this statute, a defendant's notice of removal must (1) assert a right under a federal law protecting civil rights stated in terms of racial equality and (2) identify a state statute or constitutional provision that purports to command the state courts to ignore the enforcement of the specified federal right in state courts. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1966). Defendants have made no such showing.

Furthermore, there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish the citizenship of any party. Moreover, the unlawful detainer complaint only seeks damages in the amount of $83 per day since October 4, 2011. As of today, these damages would equal less than $14,000. Therefore, the amount in controversy requirement is also not met.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

**IT IS SO ORDERED.**